IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LAROSSASA BROWN,**
Individually, and on behalf of themselves and other
similarly situated current and former employees,

    Plaintiff,

    v.

**HUDDLE HOUSE, INC.,**
a Georgia Corporation,

    Defendant.

CASE NO. 1:17cv173-SA-DAS

FLSA Opt-In Collective Action
**JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Plaintiff Larossasa Brown, individually, and on behalf of herself and all others similarly situated, hereby files her Collective Action Complaint against Defendant Huddle House, Inc., and alleges as follows:

### I.    NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav.*

*Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay its workers for all hours of work at the rates required by the FLSA. Plaintiff routinely worked in excess of 40 hours per week but was not paid overtime for doing this excessive work. Instead, Defendant misclassified its employees ("Plaintiff" and "Class Members," as defined below) as exempt from the protections of the FLSA and failed to pay proper regard to the amount of hours Plaintiff and Class Members actually worked or guarantee proper payment of the minimum wage. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     INTRODUCTION

3. Plaintiff Larossasa Brown is employed by Defendant Huddle House, Inc. ("Defendant") at its Huddle House restaurant located in Tupelo, Mississippi and therefore in this district, during all times relevant to this Collective Action Complaint.

4. Plaintiff Larossasa Brown has been a resident of this district and, employed by Defendant in this district, during times relevant to this lawsuit. (Plaintiff Brown's Consent to Join this collective action is attached as Exhibit A.)

5. This lawsuit is brought against Defendant Huddle House, Inc. as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiff and other similarly situated current and former employees of Defendant who are members of a class as defined herein.

6. At all times material to this Collective Action Complaint, Plaintiff's primary duty was non-managerial in nature and her principal work consisted of performing the same type

of duties as that of hourly-paid employees, such as cooking, cleaning, cashiering, washing dishes and utensils, sweeping and mopping floors, serving food, expediting food, unloading food trucks, stocking food and supplies and, performing other such non-managerial types of job duties.

7. During relevant weekly pay periods, Plaintiff had such limited management duties that hourly-paid employees performed the same such duties when Plaintiff was not present at her restaurant.

8. During the statutory period Plaintiff was required to spend approximately fifty-five (55) hours during each weekly pay period cooking and, additional time cleaning, washing dishes and utensils, sweeping and mopping floors, serving food, expediting food, cashiering, unloading trucks, stocking food and supplies and, performing other such non-managerial job duties.

9. During relevant weekly pay periods, Plaintiff was induced, expected, forced, suffered, and permitted to work as many overtime hours as necessary to meet Defendant's "budgeted labor" for their assigned Huddle House restaurant, requiring them to work at least 50 hours per week during such periods and typically many more such hours. (It was not unusual for Plaintiff to work 60 hours per week during such relevant periods, the approximate number of weekly overtime hours having been recorded in Defendant's payroll and time keeping system.)

10. At all times material to this Collective Action, Plaintiff did not possess the necessary authority to terminate employees.

11. At all times material to this Collective Action, Plaintiff did not possess the necessary authority to hire applicants.

12. At all times material to this Collective Action, Plaintiff did not possess the necessary authority to discipline employees.

13. Based on the information preliminarily available, and subject to discovery in this cause, Plaintiff and Class Members were not exempt from receiving overtime compensation under the Fair Labor Standards Act, nor were Plaintiff and Class Members and those similarly situated compensated for all hours worked in excess of forty (40) within weekly pay periods during times relevant to this Collective Action Complaint, as required by the FLSA.

### III. JURISDICTION AND VENUE

14. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resided in this district and performed work for Defendant in this district, Defendant regularly conducted business in this district and its wage and hour plans, policies and practices were administered in this district during all times relevant.

### IV. CLASS DESCRIPTION

16. Plaintiff bring this action on behalf of themselves and the following similarly situated persons:

> All current and former employees of Huddle House, Inc. who were classified as exempt Assistant Managers and who work (or have worked) at any of Defendant's Huddle House restaurants within the United States at any time during the applicable limitations' period covered by this Collective Action

Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## V. PARTIES

17. Huddle House Inc., is a Georgia corporation with its corporate headquarters located at 5901B Peachtree Dunwoody Road NE, Suite 450, Sandy Springs, Georgia 30328. Huddle House, Inc., Inc. has been an "employer" of Plaintiff and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Mississippi Secretary of State, Huddle House Inc. may be served through its registered agent for service of process, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

18. Plaintiff Larossasa Brown is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Her consent to be a party in this action is attached as "Exhibit A."

19. Plaintiff and "Class Members" are Defendants' current and former assistant managers who were misclassified as exempt from overtime, paid on a salary basis, and were not paid overtime pay for overtime work as required by the FLSA.

## VI. COVERAGE

20. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

---

[1] Plaintiff reserve the right to amend the Class Description upon the discovery of additional facts.

21. At all times hereinafter mentioned, Defendant has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VII.   ALLEGATIONS

25. Plaintiff is currently employed by Defendant as a salaried, overtime-exempt employee.

26. Defendant converted Plaintiff to a salaried, overtime-exempt employee shortly after acquiring her restaurant because she was receiving "too much" overtime compensation. Plaintiff's conversion was due to Defendant's strict budgeted labor policy and not based on Plaintiff's duties as required by the FLSA.

27. Huddle House, Inc. owns and operates, as well as franchises, Huddle House restaurants throughout the United States.

28. The primary function of Huddle House, Inc. is to sell food and drink items to its customers.

29. Huddle House, Inc. is and/or has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

30. Plaintiff and all other similarly situated persons are/were classified by Defendant as Assistant Managers at its Huddle House restaurants at all times relevant to this action.

31. Defendant employed Plaintiff and those similarly situated during all times material to this Collective Action Complaint.

32. Defendant established and administered pay policies and practices, including pay classifications and overtime pay rates for Plaintiff and other members of the class during all times relevant herein.

33. Defendant has had a centralized, unified and common plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Managers.

34. At all times material to this action, Plaintiff and other members of the class have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA.

35. Plaintiff and those similarly situated have worked for Defendant as Assistant Managers at its Huddle House restaurants located within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

36. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

37. Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce, including Plaintiff and other members of the class, at all times relevant herein.

38. Defendant employs individuals classified as Assistant Managers whose primary duties are non-managerial in nature and whose principal duties have consisted of performing the same type of duties as that of hourly-paid employees, such as cooking, cleaning, washing dishes and utensils, sweeping and mopping floors, serving food, expediting food, cashiering, unloading food trucks, stocking food and supplies and, performing other such non-managerial duties, during all times material.

39. At all times material to this action, Defendant has had a centralized, unified and common plan, policy and practice, to induce, force, expect, encourage, require, and suffer or permit, Plaintiff and other class members to work however many overtime hours necessary (principally in non-managerial jobs) to stay within Defendant's "budgeted labor" cost for the respective restaurant assigned to them.

40. Pursuant to such centralized, unified and common plan, policy and practice, Plaintiff and class members have had to work far in excess of forty (40) hours within weekly pay periods to stay within Defendants "budgeted labor" cost at their assigned restaurant(s), during all times relevant to this action.

41. At all times material to this action, Defendant has had a centralized timekeeping system in which work hours of its employees are recorded.

42. Upon information and belief, the overtime hours (hours in excess of forty (40) per week) of Plaintiff and members of the class have been recorded in Defendant's centralized time keeping system during all times material to this action.

43. However, Defendant has failed to pay Plaintiff and other class members the applicable FLSA overtime rate of pay for all their recorded hours in excess of forty (40) within weekly pay periods of the statutory limitations' period (at one and one-half times their regular hourly rate of pay), as required by the FLSA.

44. Plaintiff and other class members, classified as Assistant Managers, who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week within weekly pay periods, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from Defendant.

45. The net effect of Defendant's centralized, unified and common plan, policy and practice of failing to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked in excess of forty (40) hours per week within weekly pay periods, was a scheme to save payroll costs and payroll taxes for which Defendant has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and other members of the class.

46. Defendant unlawfully classified and treated Plaintiff and other class members as exempt from overtime compensation, in violation of the FLSA.

47. Yet, Defendant is unable to bear its burden of showing that Plaintiff and other class members fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

48. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made her a non-exempt employee under the FLSA because Plaintiff:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing her primary duties;

    b.    did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c.    did not carry out major assignments in conducting the operations of the business;

    d.    did not perform work that affects business operations to a substantial degree;

    e.    did not have the authority to commit the employer in matters that have significant financial impact;

    f.    did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g.    did not have the authority to negotiate and bind the company on significant matters;

    h.    did not provide consultation or expert advice to management;

    i.    was not involved in planning long- or short-term business objectives;

    j.    did not investigate or resolve matters of significance on behalf of management; and

    k.    did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

49. Although at this stage, Plaintiff is unable to state the exact amount of unpaid overtime compensation owed her and other members of the class, she believes such information will become available during the course of discovery via Defendant's payroll and timekeeping records. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

50. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members. Defendant received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

## VIII.  COLLECTIVE ACTION ALLEGATIONS

51. The preceding paragraphs are incorporated by reference as if they were fully set forth herein.

52. Plaintiff bring this collective action on behalf of themselves and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), previously referenced as "the class."

53. Plaintiff believes the definition of the class could be further refined following discovery of Defendants' books and records.

54. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

55. Plaintiff and Class Members performed the same or similar job duties as one another and were/are paid under the same pay policy or practice in that they were paid on a salary basis, regularly worked more than 40 hours per week, and were improperly classified as exempt employees. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to Plaintiff applies/applied to all Class Members. All Class Members, regardless of their precise job title, requirements, or rates of pay, are

entitled to overtime compensation for hours worked in excess of 40 hours per week because they were misclassified as exempt employees. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Class Members.

56. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, they believe there are more than 30 individuals in the putative class.

57. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for Defendant at one or more of its Huddle House restaurants were subjected to the same operational, compensation and timekeeping plans, policies and practices, including the failure of Defendant to pay Plaintiff and other employees classified as General Managers overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

58. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were misclassified as exempt from the overtime requirements of the FLSA;

- Whether Plaintiff and other members of the class were induced, forced, expected, encouraged, required and/or suffered and permitted to work hours in excess of forty (40) per week, without being paid overtime compensation for such work, as required by the FLSA;

- Whether Defendant suffered and permitted Plaintiff and other members of the class to work hours without compensation, including hours in excess of forty (40)

    per week within weekly pay periods during the relevant statutory limitations' period;

- Whether Defendant failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during the relevant statutory limitations' period;

- The correct statutes of limitations for Plaintiff' claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and other class members.

59. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and has retained competent counsel who are experienced in collective action litigation to represent them in this action.

60. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

61. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful compensation policies, practices, and procedures implemented and administered by Defendant.

62. Defendant was aware of their obligations to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## CAUSE OF ACTION: COUNT I

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STATNDARDS ACT

63. Plaintiff, on behalf of herself and the class, repeat and re-allege Paragraphs 1 through 62 above, as if they were fully set forth herein.

64. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such non-exempt employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

65. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and other class members also have engaged in interstate commerce during all relevant times to this action.

66. At all relevant times, Defendant has employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

67. Defendant has had a centralized, unified and common plan, policy and practice of misclassifying Plaintiff and other class members as exempt from receiving the applicable FLSA overtime rate of pay for all hours worked in excess of forty (40) within weekly pay periods during all times material to this action.

68. Considering the aforementioned lack of required authority to fire and discipline employees or, hire an applicant and, without particular weight given their to suggestions, if any, to "fire, hire or discipline," as well as performing non-managerial duties for a vast majority of time each work week of their employment, Plaintiff and class members do not qualify to be exempt from receiving the applicable FLSA overtime rate of pay for all hours worked in excess of forty (40) within weekly pay periods during all times material to this action.

69. Defendant is unable to bear its burden of showing that Plaintiff and other class members fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

70. The misclassified claims of Plaintiff and class members, resulting in Defendant's failure to pay them for all hours worked in excess of forty (40) at the applicable FLSA overtime rate of pay within weekly pay periods during all times relevant herein, are unified by a common theory of Defendant's FLSA statutory violations.

71. Plaintiff and class members worked for Defendant far in excess of forty (40) hours within weekly pay periods of the statutory limitations' period without being compensated for such overtime hours at the applicable FLSA rate of pay, all of such overtime hours having been recorded in Defendant's payroll and time keeping system.

72. Plaintiff and class members were induced, forced, expected, required and/or suffered and permitted, to work all overtime hours necessary within weekly pay periods during the statutory limitations' period to stay within Defendant's "budgeted labor" cost, in keeping with Defendant's centralized, unified and common "budgeted labor" plans, policies and practices.

73. Defendant has had a centralized, unified and common plan, policy and practice of willfully failing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

74. At all times relevant, Defendant has had actual and/or constructive knowledge of willfully failing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

75. Defendant did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

76. As a result of Defendant's willful failure to pay Plaintiff and other members of the class the applicable federal overtime compensation for all hours worked over forty (40) per week within weekly pay periods during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

77. Defendant's aforementioned conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Due to Defendant's willful FLSA violations and, and its lack of a good faith basis, in its failure to pay Plaintiff and other members of the class the applicable FLSA overtime compensation for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period, Plaintiff and the class are entitled to recover and, hereby seek to recover, from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually, and on behalf of themselves and all other similarly situated members of the class, demand judgment against Defendant Huddle House, Inc. as well as to request this Court to grant the following relief against said Defendant:

A. An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29 U.S.C. § 216 for the claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid wages to Plaintiff and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the rate established by the Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiff and other members of the class were misclassified as exempt from the payment of overtime compensation and, therefore, entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendant has willfully violated the FLSA;

J. An Order appointing Plaintiff and her counsel to represent those individuals opting in to the collective action; and,

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a **TRIAL BY JURY** on all issues so triable.

Dated: October 18, 2017					Respectfully Submitted,

							*/s/ George B. Ready*
							George B. Ready (MS Bar #4674)
							**Law Office of George B. Ready**
							175 East Commerce St.
							P.O. Box 127
							Hernando, MS 38632
							662-429-7088
							*GBReady@georgegreadyatty.com*

									&

							Gordon E. Jackson* (TN BPR #08323)
							J. Russ Bryant* (TN BPR #33830)
							Paula R. Jackson* (TN BPR #20149)
							**JACKSON, SHIELDS, YEISER & HOLT**
							Attorneys at Law
							262 German Oak Drive
							Memphis, Tennessee  38018
							Tel:  (901) 754-8001
							Fax:  (901) 759-1745
							*gjackson@jsyc.com*
							*jholt@jsyc.com*
							*rbryant@jsyc.com*
							*pjackson@jsyc.com*
							*\*Admission Pro Hac Vice Anticipated*

							*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*